UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America
     Plaintiff

    v.

Monica Toth
     Defendant

Civil Action
No. 1:15-CV-13367-ADB

## COUNTERCLAIM

I, Monica Toth, in accordance with Rule 13 of the Federal Rules of Civil Procedure, bring this action (1) to take into account the amounts (Amounts Taken) which the Plaintiff has already taken from me but for which it has knowingly not accounted in its pleadings, (2) to accordingly diminish any judgment against me, and (3) in the case that the Amounts Taken exceed such judgment, to collect the excess plus statutory and regulatory additions and accruals.  The Amounts Taken total $ 1,312.00.

I am not bringing this action as my one and only answer to the Complaint filed as document number 1, because there are many things wrong with what the Plaintiff has done.  But I have to start somewhere, and so instead, I am submitting this paper specifically as one of the papers which I am filing in response to the Motion for Entry of Default Judgment filed as document number 8 (Motion 8).

The purposes of this paper are to convey what I wish the Court would do with regard to my counterclaim for the particular reasons presented herein, and to support my Motion to Deny the Plaintiff's Motion for Default Judgment, which is being simultaneously filed with this Counterclaim, by reference therefrom.

In support of this action and based on my Declaration attached to my Motion for Declaratory Judgment, which is being simultaneously filed with this Counterclaim, I

allege as follows:

1.    The Court has jurisdiction under 28 U.S.C. Sections 1331, 1346, and 1367.

Plaintiff's Account of the Total Liability on February 11 2016

2.    On February 22 2016, the Plaintiff filed Motion 8 against me pursuant to Rule 55(b) (1) of the Federal Rules of Civil Procedure, and based Motion 8 upon declarations made by Nancy Beasley under penalty of perjury pursuant to 28 U.S.C. Section 1746.

3.    In Paragraphs 1 and 2 of Nancy Beasley's Declaration (NBD) attached to Motion 8, she represents to the Court that she can authoritatively and competently review and prepare the information which she presents in her Declaration and is necessary to sustain Motion 8.

4.    In Paragraph 3 and again in Paragraph 6 of NBD, she states that the total liability on February 11 2016 is $ 2,537,381.26 (Liability 2/11).

5.    In Paragraph 3 of NBD, she states that Liability 2/11 takes into account the assessments of taxes, penalties, and interest, all payments, credits, and abatements, and accruals as of February 11 2016.

6.    In Paragraph 6 of NBD, she states again that all payments, credits, and abatements were applied in computing Liability 2/11.

7.    In Paragraph 4 of NBD, she presents an account of Liability 2/11.

8.    Also in Paragraph 4 of NBD, she states that statutory additions, including fees from the TOP, in the amount (Amounts Charged) of $ 255.00, have accrued between January 30 2014 and February 11 2016.

9.    For a complete account of the Amounts Taken, the Amounts Charged, and the net credit of $ 1,057.00 due me (Credit Due), see my Declaration attached to my Motion for Declaratory Judgment.

Plaintiff's Failure to Fully Take into Account the Amounts Taken

10.   While she correctly omitted the Amounts Charged from Liability 2/11 (because the Plaintiff had individually deducted the $ 17 collection fee from each of the 15 offsets), she willfully included all of the Amounts Charged in her account of Liability 2/11 and unreasonably excluded all of the Amounts Taken from her account (see Paragraph 4 of NBD).   And moreover, she unfairly omitted Credit Due from her computation of Liability 2/11.   As a result, her computed Liability 2/11 is both astoundingly incorrect and unfairly excessive.

11.   Had she somehow just omitted all 15 of the Amounts Taken from her account, then one would expect her to simply (though mistakenly) add together all four numbers which she actually presented in her account of Liability 2/11 (again see Paragraph 4 of NBD).

12.   But instead, she debited the smaller Amounts Charged from the Amounts Taken (rather than Liability 2/11) without ever crediting Liability 2/11 with the remaining balance which is the larger Credit Due, and so Liability 2/11 is the sum of only the other three numbers in her account.   The net result is that Liability 2/11 and thus the sum certain requested in Motion 8 are greater than the Plaintiff knows they ought to be.

Wherefore I demand:

1.   That the Court fully take into account the Amounts Taken (which total $ 1,312,00 over 15 offsets).

2.   That before the Court enters any judgment against me, the Court accordingly recalculate and diminish Liability 2/11 ($ 2,537,381.26) and all additions and accruals which depend on the magnitudes or dates of the Amounts Taken.

3.   That in the case that the Amounts Taken exceed any such judgment against me, the Court enter judgment in my favor and against the Plaintiff for the excess (including

inappropriate collection fees) plus all applicable statutory and regulatory additions and accruals until fully paid.

4.   That the Court award me any further relief which the Court deems just and proper.


Dated: April 27 2106                              /s/ Monica Toth   pro se
                                                  Pro se Defendant

                                                  Monica Toth
                                                  76 Hallet Hill Rd
                                                  Weston MA 02493

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached Counterclaim is being sent on

April 27 2016 duly prepaid to the attorney for the Plaintiff.  The envelope is addressed:

Andrew A. De Mello
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

/s/ *Monica Toth*   pro se
Pro se Defendant

Monica Toth
76 Hallet Hill Rd
Weston MA 02493