UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

United States of America
    Plaintiff

v.

Monica Toth
    Defendant

Civil Action
No. 1:15-CV-13367-ADB

FILED
IN CLERK'S OFFICE
'15 DEC 14 PM 2 37
U.S. DISTRICT COURT

## MOTION TO RECONSIDER

This is a petition seeking that the Court reconsider its order (ECF 53) granting the Plaintiff's Motion for Extension of Time (ECF 52). When I ran out of time, I submitted whatever I had done for my Motion to Dismiss (ECFs 49 and 50) and requested leave of court to amend this motion. But when the Plaintiff ran out of time, instead of submitting whatever it had done for its opposition and requesting leave of court to amend as I did or simply motioning before its deadline had passed for extra time to file its opposition as I did, the Plaintiff fraudulently filed ECF 52 by-passing the Court's judicial authority and due review.

### Late Filings

The Court has a wide discretion to grant or deny an extension of time, whether before or after the expiration of a deadline, and has wisely exercised its discretion and in so doing, benefited both parties. Both the Plaintiff and I have worked very hard, over many days, and diligently to produce substantial papers which in the last minute, we were unable to file on time before the expiration of their deadlines. After working so much up till the deadline, the Court generously and wisely accepted without prejudice and without an explicit request for extension of time late filings from the Plaintiff on 2 occasions (ECFs 42 and 51) and late filings from me on 2 occasions (ECFs 20, 21, 22,

49, and 50).

Most recently, these late filings include ECFs 49 and 50 from me which were filed at 7:57 AM on October 13 because the Clerk's office was appropriately closed when I arrived there at 5:10 PM on October 12 after my 5 PM deadline. And these include ECF 51 from the Plaintiff which was filed at 7:22 PM on October 27 after the Plaintiff's 6 PM deadline. The Plaintiff's deadline is 1 hour later than mine because the Plaintiff can file electronically. See Federal Rules of Civil Procedure (FRCP) 5(d)(3) and 6(a)(4), and LR 5.4(D).

The Court's accepting these plus the previous late filings from the Plaintiff and me corresponds to the district court's deeming the plaintiff's motion in Pryor v. Aerotek, 278 F.R.D. 516 (C.D. CA 2011), as timely filed. The Supreme Court established a standard for excusable neglect which involves balancing multiple factors in Pioneer v. Brunswick, 507 U.S. 380 (1993). In section "II. DISCUSSION" subsection "A. Aerotek's Motion to Strike" at Pryor 278 F.R.D. 520-22, the court considered each of the factors in Pioneer, and found that the plaintiff's delay was excusable.

Being pro se, the Court warned me when I first contacted the Court, that it lacks the discretion to extend the time to file beyond a deadline unless parties explicitly request such extensions in accordance with the rules. Therefore, each party must either submit the papers it has when the deadline is reached or file for an extension of time in accordance with the rules. On October 27, the Plaintiff submitted the papers it had when the deadline was reached and did not file for an extension of time in accordance with the rules which specify the proper ways to do so. Backdating a late filing is certainly not one of these ways. See Justice v. Cicero, 682 F.3d 662, 664 (7th Cir. 2012).

ECF 52's Compliance with FRCP 6(b)

It is understandable that the Court did not allow time for my filing opposition to the ECF 52 and ruled the very next business day in ECF 53 because ECF 52 doesn't specify which subsection of FRCP 6 applies and apparently, the Plaintiff had successfully duped the Court into believing that ECF 52 was filed before and not after the pertinent deadline. The Court treated ECF 52 as if it had been filed pursuant to FRCP 6(b)(1)(A) and not pursuant to FRCP 6(b)(1)(B), and were just another reasonable, non-prejudicial, good faith extension request to which I would naturally consent given the civility and mutual respect all of us ought to afford one another. But the bare facts willfully hidden by the Plaintiff prove otherwise.

According to FRCP 6(b)(1), an extension sought before the deadline may be granted for good cause, while an extension sought after the deadline may be granted only if both good cause is shown and the failure to act was the result of excusable neglect. Being almost on time does not relieve a filer from this additional burden of justification.

After the Plaintiff implicitly yet duplicitiously complained about my filing (ECFs 20, 21, 22 set) late by 1 day in ECF 42 page 6 footnote 1, I parenthetically put the Plaintiff on notice in ECF 46 with "when the Plaintiff claims to have filed the ECF 42 set" because the Plaintiff actually filed ECF 42 itself late by 1 day. Nonetheless, previously in ECF 24 which was a motion for an extension of time, the Plaintiff implied that it was not subject to any deadline for filing ECF 24, and so argued only good cause for the extension. On the other hand in ECF 52, there is clearly no dispute about the Plaintiff's being subject to the deadline which had passed. In contrast, I never filed late for any extension of time.

Pioneer was a 5 to 4 decision, and although applying the standard of the majority opinion is imperative, it is instructional to consider the dissenting opinion filed by Justice O'Connor as well. At Pioneer 507 U.S. 405, O'Connor wrote: "Once we properly clarify the factors that are relevant to the excusable neglect determination, the Bankruptcy Court's findings compel the conclusion that respondents' neglect was inexcusable under any standard." and "The Bankruptcy Court expressly found that respondents' former counsel's failure to file a timely proof of claim resulted from negligence and, to some degree, an attitude of "indifference" toward the deadline.". It is precisely this attitude of indifference which I suspect the Plaintiff may harbor despite the warning in ECF 46.

Compared to the aforesaid reasonably excused late filings on 4 occasions by the Plaintiff and me despite diligent efforts to file on time, the Plaintiff's late filing of ECF 52 is categorically different and incomparable. It is unlike the plaintiff's late electronic filing in Pryor where the court found excusable neglect, and it would be a mistake if this error in processing ECF 52 were not corrected. Skipping the normally required process for ECF 52 significantly violates my right to due process protections and prejudices me.

ECF 52 suggests neither explicitly nor implicitly any effort to file on time, and thus fails to show good cause for filing ECF 52 late. It's simply a motion under FRCP 6(b)(1)(B) to extend time for a readily foreseeable reason, and it's late filing without even suggesting a good cause for it's late filing is simply inexcusable.

The situation is similar to the one in Rashid v. Delta, 306 F.R.D. 530 (N.D. MS 2015). Starting in section "II" at 533, the court found that the parties apparently colluded and consented in bad faith to each other's deficient extensions rather than submit to the court's review and approval. The court noted at 536 that the parties (like the Plaintiff) blatantly disregarded and completely failed to address the "excusable neglect" and

"good cause" standards in FRCP 6(b).

The Third Circuit Court of Appeals applied the Pioneer standard to a motion for an extension of time which was filed after the pertinent deadline in Ragguette v. Premier, 691 F.3d 315 (3rd Cir. 2012). The court affirmed at 319 its own conclusion earlier in Ragguette v. Premier, 424 Fed.Appx. 155, 157 (3rd Cir. 2011), that the district court abused its discretion by disposing of the motion without an opinion, without a reason, and without reference to the Pioneer standard. Later at 691 F.3d 322, the Ragguette court wrote that "The district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact.".

Evaluating ECF 52

Furthermore, rather than file opposition to my 8th Amendment claim in ECF 49 based on the currently decided case law and the position which the Plaintiff has already taken and was currently taking in various cases, the Plaintiff chose not to respond and is instead trying to postpone filing such opposition and to delay the Court's adjudication of my 8th Amendment claim for a strategic advantage. Although it could be justified for the Court to delay its adjudication of ECF 49 if the Ninth Circuit Court of Appeals were about to rule on the application of the excessive fines clause to the same penalty, this is not the current situation according to ECF 52.

ECF 52 requests the Court and me to wait for the Plaintiff to enforce the law consistently and review the position it has taken, is taking, and will be taking in various cases across the country concerning this application of the excessive fines clause. Although plausible, it is surprising to me that the Plaintiff hasn't been enforcing the law consistently and now needs to review its position after so many years (yet better late

than never). But most importantly, the Plaintiff doesn't identify a single one of these cases.

I wanted to check whether the particular case whose appellate brief is due on December 2 according to ECF 52, is even relevant enough to my case to justify waiting. But the clerk at the Ninth Circuit Court of Appeals said that there are thousands of active cases and it is impracticable to identify this particular one from the information provided by the Plaintiff. It is impossible for me, and I presume the Court too, to evaluate how consistent the Plaintiff actually is regarding this application of the excessive fines clause when the Plaintiff doesn't identify the applicable cases.

Waiting for the Plaintiff to file an appellate brief in one of these allegedly applicable cases, whose identity the Plaintiff withheld, is for a strategic purpose, wasn't argued and presented to the Court in good faith, and doesn't constitute excusable neglect. See Huggins v. FedEx, 592 F.3d 853, 856-57 (8th Cir. 2010) where a strategic reason is not an acceptable justification for an extension. The Plaintiff is similarly seeking to gain an unfair advantage from an unrelated case by withholding its and the other cases' identities.

In Consolidated v. Larson, 827 F.2d 916, 919 (3rd Cir. 1987), the court enumerated 5 factors for judging excusable neglect. They include an easily manufactured excuse incapable of verification by the court. Although this factor is not the same as an easily manufactured excuse unverified by the Court, the Plaintiff's duping the Court into believing that ECF 52 was filed before the pertinent deadline, obviously caused the Court to skip the scrutiny normally due a motion for an extension of time filed after the deadline. Albeit Consolidated predates Pioneer, the Supreme Court affirmed the Sixth Circuit Court of Appeals' decision and cited Consolidated at Pioneer 507 U.S. 387: "...

others [courts of appeals] have adopted a more flexible approach similar to that employed by the Court of Appeals in this case, see, e.g., Consolidated Freightways Corp. of Delaware v. Larson, 827 F.2d 916 (CA3 1987), cert. denied sub nom. ...".

Given that the First Circuit Court of Appeals has absorbed the Pioneer ruling over the years, as the other circuits have, it's also doubtful whether the court would ratify such an easily manufactured excuse since the Plaintiff withheld the identity of the particular case referenced in ECF 52 apparently to prevent its verification and any practical evaluation of the Plaintiff's excuse and justification for the motion. Mirpuri v. ACT, 212 F.3d 624 (1st Cir. 2000), Maestro v. NLRB, 263 F.3d 173 (1st Cir. 2001) per curiam, and Graphic v. Quebecor, 270 F.3d 1 (1st Cir. 2001) illustrate the court of appeals' implementation of the Pioneer ruling and how even a court's use of pre-Pioneer cases can be fully consistent with post-Pioneer case law. For example on September 30 2015 in Small v. Xcentric civil action 13-cv-11701 section "III. Discussion" subsection "B. Plaintiffs' Motion to Extent Time to File Notice of Appeal", District Judge Denise J. Casper used this case law in her opinion to evaluate the plaintiffs' excuse.

Alternatives Not Chosen

It would be a different story if only the Plaintiff had simply filed ECF 52 just before the deadline, by when the Plaintiff should have realized that it didn't have any opposition to my 8th Amendment claim to present to the Court in ECF 51. The problems with the Plaintiff's late filing of ECF 52 resemble those of the plaintiff in Yancick v. Hanna, 653 F.3d 532 (7th Cir. 2011). In section "I. Procedural Issue" subsection "B. Order" at 536-39, the court of appeals found that the district court did not abuse its discretion in refusing to permit any late filing by the plaintiff's attorney who apparently waited until the last minute to begin preparing exhibits necessary for his summary judgment response

brief which although filed in the nick of time, was now lamentably rendered deficient not only in form but also in substance.

Alternatively without an extension of time, instead of directing the Court to deny my request for oral testimony in ECF 51, the Plaintiff could have welcomed it as an opportunity to try to impeach me and defeat my grounds for dismissal including my 8th Amendment claim. I suspect that the Plaintiff dreads that such a judicial inquiry into the accuracy and veracity of my statements will cut to shreds the Plaintiff's narration made out of whole cloth, like a razor.

## Conclusion

I do not believe that the Court willfully abused its discretion to extend the Plaintiff's time to file beyond its deadline, and respectfully move the Court both to reconsider its granting the Plaintiff's Motion for Extension of Time (ECF 52) and to deny this motion given that the Plaintiff has made no claim whatsoever of excusable neglect as required pursuant to FRCP 6.

Dated: December 14 2016               /s/ Monica Toth    pro se
                                      Pro se Defendant

                                      Monica Toth
                                      76 Hallet Hill Rd
                                      Weston MA 02493

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached Motion to Reconsider is being sent on December 14 2016 duly prepaid to the attorney for the Plaintiff. The envelope is addressed:

Andrew A. De Mello
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044

/s/ Monica Toth   pro se
Pro se Defendant

Monica Toth
76 Hallet Hill Rd
Weston MA 02493
