UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 15-cv-13367-ADB |
| MONICA TOTH, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER
## DENYING MOTION TO DISMISS

BURROUGHS, D.J.

The United States of America filed this case to collect a civil penalty assessed against Defendant Monica Toth for her alleged failure to timely report her financial interest in, and/or her signatory or authority over, a foreign bank account for the 2007 calendar year. Currently before the Court is Toth's motion to dismiss [ECF No. 49]. For the reasons explained below, Toth's motion to dismiss is denied.

### I. BACKGROUND

At the motion to dismiss stage, the Court accepts as true all well-pleaded facts, analyzes those facts in the light most hospitable to the plaintiff's theory, and draws all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). The following facts are taken from the complaint. [ECF No. 1].

In 1999, a bank account was opened in Toth's name at UBS AG in Zurich, Switzerland (the "Account"). The Account has remained open continuously since 1999. At all times since the Account was opened, Toth had a financial interest in the Account and held the authority to

1

control the disposition of the funds in the Account.

This case concerns Toth's tax liability related to the Account for the year 2007. At all times during the 2007 calendar year, Toth was a United States citizen and resident. Toth prepared her own federal income tax return for the year 2007, which she signed under penalty of perjury and filed in a timely manner. Toth failed to report any income or loss from the Account, or otherwise disclose the existence of the Account, in her 2007 return. Toth also failed to file a Financial Bank Account Reports form ("FBAR") prior to June 30, 2008, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350.

The FBAR is required when a United States citizen has a financial interest in, or signatory or other authority over, any foreign financial accounts that individually or collectively have a maximum value greater than $10,000 during the calendar year. 31 U.S.C. § 5314; 31 C.F.R. § 1010.350. The Government alleges that the Account's balance exceeded $10,000 and that Toth had a financial interest in, and/or signatory or other authority over, the Account at all times during the 2007 calendar year.

Sometime after June 2008, the IRS initiated an audit as to Toth's tax liability for 2007, during which time the IRS investigated matters relating to the Account. As of June 30, 2008, the Account's balance was at least $4,347,407. On September 19, 2013, the Treasury Department assessed a civil penalty (the "FBAR Penalty") against Toth in the amount of $2,173,703, due to Toth's willful failure to disclose the Account to the IRS. Notice of the assessment of the FBAR Penalty and a demand for payment was sent to Toth on or about September 19, 2013. Toth has neglected, refused, or failed to pay the FBAR Penalty.

On September 16, 2015, the United States initiated this action against Toth. [ECF No. 1]. On October 13, 2016, Toth filed a motion to dismiss [ECF No. 49] and memorandum in support

[ECF No. 50] arguing that the instant action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6). The Government filed oppositions on October 27, 2016 [ECF No. 51] and December 14, 2016 [ECF No. 55].

## II. LEGAL STANDARDS AND DISCUSSION

### a. Toth's motion to dismiss pursuant to Rules 12(b)(4) and (5)

Toth first moves to dismiss this action for insufficient and defective service of process pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5). [ECF No. 49]. She argues that the Government failed to comply with the time limitations of Rule 4(m). [ECF No. 50 at ¶ 20]. "The plaintiff is responsible for having the summons and complaint served" upon the defendant within "120 days after the complaint is filed" unless this time period is extended by the Court following a showing of good cause. Fed. R. Civ. P. 4(c)(1), (m).[1] The complaint was filed on September 16, 2015. [ECF No. 1]. On February 1, 2016, the Government filed its proof of service, indicating that a professional process server had effected service upon Toth pursuant to Massachusetts Rule of Civil Procedure 4(d)(1) on January 11, 2016. [ECF No. 4 at 3]. As Toth was served within "120 days after the complaint [was] filed," the Government complied with the requirements of Federal Rule of Civil procedure 4(m).

---

[1] All citations to the Federal Rules of Civil Procedure refer to the Rules as they existed on September 16, 2015, the date on which the instant action was commenced. Toth asserts that this case should be dismissed for insufficient and defective service of process because the Government failed to effect service of the summons and complaint within 90 days. [ECF No. 50 at ¶ 20]. Toth refers to the current version of Rule 4(m). On April 29, 2015, the Supreme Court amended the Federal Rules of Civil Procedure, including Rule 4(m). See Order of the Supreme Court of the United States, Apr. 29, 2015, 305 F.R.D. 457 (amending the time for service under Rule 4(m) from 120 days to 90 days). The Supreme Court ordered that the amendments "shall take effect on December 1, 2015, and shall govern all proceedings in civil cases *thereafter* commenced and, insofar as just and practicable, all proceedings then pending." Id. at 460 (emphasis added). Therefore, the current version of Rule 4(m) does not apply in this case, and the United States was entitled to a period of 120 days to complete service.

3

Toth also argues that service was insufficient because the Government failed to have her personally served with the summons and complaint. [ECF No. 50 ¶ 19]. "Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Massachusetts Rule of Civil Procedure 4(d)(1) allows for service to be made "by delivering a copy of the summons and of the complaint . . . by leaving copies thereof at [the plaintiff's] last and usual place of abode." Mass. R. Civ. P. 4(d)(1). Here, a copy of the summons and complaint were left at Toth's last and usual place of abode, 76 Hallet Hill Road, Weston, Massachusetts.[2] [ECF No. 4 at 3]. Thus, because the Government complied with Massachusetts state law in serving Toth, service was not defective.

### b. Toth's motion to dismiss pursuant to Rule 12(b)(2)

Next, Toth moves to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) "because the [Government] failed to reasonably notify [her]." [ECF No. 49]. "A district court faced with a motion to dismiss under Rule 12(b)(2) may choose among several methods for determining whether the plaintiff has met its burden" to prove that the Court has personal jurisdiction over the defendant: "the '*prima facie*' standard, the 'preponderance-of-the-evidence' standard, or the 'likelihood standard.'" Hilsinger Co. v. FBW Invs., 109 F. Supp. 3d 409, 416 (D. Mass. 2015) (citing Daynard v. Ness, Motley, Loadhold, Richardson & Poole, P.A., 290 F.3d 42, 50–51, 51 n.5 (1st Cir. 2002)). "When a district court considers a motion to dismiss for lack of personal jurisdiction without first holding an

---

[2] Toth's own filings in this Court demonstrate that the 76 Hallet Hill Road address is her "last and usual place of abode." See, e.g., [ECF Nos. 49 at 2, 50 at 7].

4

evidentiary hearing, the *prima facie* standard governs its determination."[3] Id. (citing United States v. Swiss Am. Bank, 274 F.3d 610, 618 (1st Cir. 2001)). "In conducting a *prima facie* analysis, the court is required to take specific facts affirmatively alleged by the plaintiff as true . . . , construing them in the light most favorable to the plaintiff . . . ." Id. (citing Ticketmaster-N.Y., Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). "Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement." Id.

"The *prima facie* showing of personal jurisdiction must be based on evidence of specific facts set forth in the record." Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992) (citing Kowalski v. Doherty, Wallace, Pillsbury & Murphy, 787 F.2d 7, 9 (1st Cir. 1986)). "The 'plaintiff must go beyond the pleadings and make affirmative proof.'" Id. (quoting Chlebda v. H.E. Fortna & Bro., Inc., 609 F.2d 1022, 1024 (1st Cir. 1979)). Although some circuits "hold that allegations in a complaint, unsupported by any evidence in the record before the court, are sufficient to make a *prima facie* showing of personal jurisdiction so long as the defendant does not present evidence to contradict the allegations[,] . . . [i]t has long been the rule of this circuit . . . that plaintiffs may not rely on unsupported allegations in their pleadings to make a *prima facie* showing of personal jurisdiction." Id. (internal citations omitted).

"[J]urisdiction based on physical presence alone constitutes due process because it is one of the continuing traditions of our legal system that define the due process standard of 'traditional notions of fair play and substantial justice.'" Burnham v. Super. Ct. of Cal., Cty. of Marin, 495 U.S. 604, 619 (1990). Here, the Government argues that Toth resides within the

---

[3] The heightened standards of "preponderance-of-the-evidence" or "likelihood" govern "[i]n cases that feature conflicting versions of the facts." Hilsinger Co., 109 F. Supp. 3d at 417. Here, the facts related to personal jurisdiction have not been contradicted by Toth.

5

jurisdiction of this Court. [ECF No. 1 at ¶ 2]. The Government's proof of service of process upon Toth indicates that she was served at 76 Hallet Hill Road, Weston, Massachusetts. [ECF No. 4 at 3]. Toth herself confirms that the process server left "the summons on [her] door." [ECF No. 50 at ¶ 19]. Additionally, all of Toth's pleadings filed in the instant action, including the pending motion to dismiss, identify the Hallet Hill Road address as her primary address. See [ECF Nos. 49 at 2, 50 at 7]. Thus, the Government has gone beyond the pleadings and made affirmative proof that this Court has personal jurisdiction over Toth by way of her physical presence in Massachusetts. Boit, 967 F.2d at 675; Burnham, 495 U.S. at 619.

### c. Toth's motion to dismiss pursuant to 12(b)(6)

Finally, Toth moves to dismiss this action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 49]. To evaluate a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson, 647 F.3d at 383. Although detailed factual allegations are not required, a pleading must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570).

The First Circuit has noted that "[t]he plausibility standard invites a two-step pavane." Id. "At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "At the second step, the court must determine whether the remaining factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations and citation omitted). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010). "Although evaluating the plausibility of a legal claim requires the reviewing court to draw on its judicial experience and common sense, the court may not disregard properly pled factual allegations, even if it strikes a savvy judge that actual proof of those facts is improbable." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (internal quotations and citations omitted).

Here, the Government alleges that Toth has violated 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350. 31 U.S.C. § 5314 provides:

> [T]he Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency.

31 C.F.R. § 1010.350 provides:

> Each United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of the Internal Revenue for each year in which such relationship exists and shall provide such information as shall be specified in a reporting form prescribed under 31 U.S.C. [§] 5314 to be filed by such persons. The form prescribed under section 5314 is the Report of Foreign Bank and Financial Accounts (TD-F 90-22.1), or any successor form.

A "United States person" includes both a citizen of the United States and a resident of the

7

United States. 31 C.F.R. § 1010.350(b)(1)–(2). The types of reportable accounts under the regulation include a bank account, securities account, or other financial account.[4] Id. § 1010.350(c). "A foreign country includes all geographical areas located outside of the United States . . . ." Id. § 1010.350(d). "A United States person has a financial interest in each bank, securities or other financial account in a foreign country for which [she] is the owner of record or has legal title." Id. § 1010.350(e)(1). "Signature or other authority means the authority of an individual . . . to control the disposition of money, funds or other assets held in a financial account by direct communication . . . to the person with whom the financial account is maintained." Id. § 1010.350(f)(1).

Here, the Government has alleged sufficient facts to "allow[] a reasonable inference that [Toth] is liable for the misconduct alleged." A.G. ex rel. Maddox, 732 F.3d at 80. The Government has asserted that during the 2007 calendar year, the year in which it alleges that Toth violated the reporting statute, Toth was both a citizen and resident of the United States. [ECF No. 1 ¶ 18]. The Government further alleges that the Account was a "foreign bank account" located in Switzerland, id. at 1–2, ¶ 4, that the Account was held in Toth's name, id. ¶ 4, and that Toth "held the authority . . . to control the disposition of the funds in the Account by direct communication . . . to UBS AG," id. ¶ 6. The Government also alleges that Toth failed to report "any income or loss from the Account, or otherwise disclose . . . the existence of the Account" on her self-prepared 2007 federal income tax return filed with the Internal Revenue

---

[4] "The term 'other financial account' means (i) An account with a person that is in the business of accepting deposits as a financial agency; (ii) An account that is an insurance or annuity policy with a cash value; (iii) An account with a person that acts as a broker or dealer for futures or options transactions in any commodity on or subject to the rules of a commodity exchange or association; or (iv) An account with . . . [a] mutual fund or similar pooled fund which issues shares available to the general public that have a regular net asset value determination and regular redemptions . . . ." 31 C.F.R. § 1010.350(c)(3).

Service, id. ¶¶ 13–16, and that Toth failed to file the FBAR by the deadline to file, id. ¶ 17. Thus, the Government has set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under" 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350. Gagliardi, 513 F.3d at 305 (internal quotations and citation omitted).

Toth also argues that the fine imposed by the Government violates the Excessive Fines Clause of the Eighth Amendment. "The Secretary of the Treasury may impose a civil money penalty on any person who violates, or causes any violation of, any provision of section 5314." 31 U.S.C. § 5321(5)(A). The penalty may not exceed $10,000 unless the violation is willful. Id. § 5321(5)(B)–(C). Whether Toth, in fact, violated § 5314, and, if so, whether that violation was willful is a question of fact that the Court cannot resolve at this stage. Accordingly, the Court does not address whether the fine to be imposed, if any, violates the Eighth Amendment.

### III. CONCLUSION

For the reasons explained above, Toth's motion to dismiss is DENIED.[5]

**SO ORDERED.**

May 2, 2017  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[5] Toth has included multiple items of correspondence as exhibits to her motion to dismiss. See [ECF No. 50 at 8–10]. Because the Court did not consider these materials in deciding the pending motion to dismiss, the submission of these materials did not convert the motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")