Expiring in 27 Days 15 Hours 26 Minutes 31 Seconds

# (No Subject)

From <eightochoachtdone@protonmail.com>
To andrew.a.de.mello@usdoj.gov <andrew.a.de.mello@usdoj.gov>

Dear Mr. De Mello,

I've been working all night on the Answer to the Complaint, and unfortunately found more nuanced details than expected to very specifically deny.

In summary, I plan to fully admit allegations 2, 5, 7, 8, 13, 14, 15, 18, 19, 20, 21, 24, 26, 27, and 29. Fully deny allegations 6, 12, 22, 23, 25, and 28. Admit or deny (in accordance with Rule 8(b)(4)) parts of allegations 4, 9, 10, 11, 16, and 17. I lack sufficient knowledge or information per Rule 8(b)(5) for allegations 1 and 3.

I plan to deny allegation 6 as written, and admit that I sometimes held limited authority to control the disposition of the funds by direct communication to the bank. The problem with allegation 6 as written is the substantial authority, manipulation, and control which my brother (with my sister's help) exerted over me and others, and thereby usurped the authority and access I ought to have had to the Account.

I plan to deny that I was always required in practice (not theory) to disclose on Schedule B whether I had a financial interest in the Account, in the practical (not theoretical) way that you connote in allegation 12. The problem is that the allegation is practically inaccurate given that every time I clearly (and innocently!) skipped this part of Schedule B, the IRS always accepted and processed my return as properly completed, without any problem, and then never said anything to me about filling out this part. It is important to note that as I entirely skipped this part, I never checked the box which would have denied the existence of the Account, and I never willfully misled the IRS.

I plan to deny allegation 22 because I did not know (nor willfully blind myself to knowing) about the duty. Therefore, my violating it was not voluntary and intentional.

I plan to deny allegation 23. Given my answer to allegation 22, my failure to file was not willful.

I plan to deny allegation 25 because the delegate assessed the willful penalty against me due to a lack of due process, and not due to my willful failure to disclose the Account to the IRS. This penalty had been proposed by the auditor's supervisor and appealed by me. The due process of this IRS appeal requires hearing my not knowing (nor willfully blinding myself to knowing) about the duty to file the FBAR. Had this hearing occurred and properly addressed this issue as required, the delegate would not have assessed the willful FBAR penalty against me.

I plan to deny allegation 28. Given my answer to allegation 25, I'm not liable for the unpaid balance of the FBAR penalty.

I plan to admit all of allegation 4 except for the part about where the account was opened (the bank's address in the allegation). While visiting my family in South America, in particular my father, a banker came over to have me sign a document needed to open the Account in my name, into which my father had arranged to give me a small portion of his savings before he died.

I plan to admit allegation 9 as perfectly true except for the connotation that the balance of the Account in 2007 was almost $ 4,000,000 but not much more (and not like $ 4,347,407).

I plan to admit that allegation 10 is true except for the connotation that I knew anything about this when the FBAR was due.

I plan to admit that allegation 11 is true except for the connotation that I knew anything about this back then.

I plan to admit allegation 16 except for the connotation that I denied the existence of the Account or willfully misled the IRS.

I plan to admit allegation 17 except for the connotation that this occurred before rather than after November 2010 when I had both filed the overdue FBARs and reported to the Plaintiff that contrary to my

expectations, none of the taxes due had been paid by the bank on my behalf. In fact, it wasn't until July 2011 when the IRS first contacted me, met with me, and began auditing me.

I'm currently guessing that I would admit allegations 1 and 3 if I had sufficient knowledge and information about the law.

I know that this is not the finished product (the Answer) to be filed with the Court, but it's close. I hope that my now sharing with you what I've been telling the Plaintiff all these years (to the extent that anyone would listen) will help you plan for the Answer, help identify the particular details upon which we agree as well as those upon which we disagree, help with our writing the case management order, and help you prepare for proving at trial the particulars which you allege but I deny.

Sincerely,

Monica Toth

© 2017 PROTONMAIL.COM - MADE GLOBALLY, HOSTED IN SWITZERLAND. V3.8.14