UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 15-cv-13367-ADB |
| MONICA TOTH, | * |
| Defendant. | * |

**MEMORANDUM AND ORDER GRANTING MOTION FOR ENTRY OF SANCTIONS**

BURROUGHS, D.J.

The United States of America filed this case to collect a civil penalty assessed against Defendant Monica Toth for her alleged failure to timely report her financial interest in, and/or her signatory or authority over, a bank account opened in Defendant's name at UBS AG in Zurich, Switzerland (the "Account") for the 2007 calendar year. Currently before the Court is the Government's amended motion for entry of sanctions. [ECF No. 93]. For the reasons explained below, the Government's motion is GRANTED.

I.     BACKGROUND AND PROCEDURAL HISTORY

On September 16, 2015, the Government filed this action against Defendant. [ECF No. 1]. The Government hired a professional process server who declared under penalty of perjury that he made a significant number of trips to Defendant's residence in Weston, Massachusetts in an attempt to serve Defendant with legal process. [ECF No. 5-2 at ¶¶1–5]. On January 11, 2016, after concluding that Defendant knew he was attempting to serve her with legal process and had made a deliberate effort to avoid service, the process server served Defendant pursuant to Massachusetts Rule of Civil Procedure 4(d)(1) by leaving copies of the

summons and complaint at Defendant's Weston, Massachusetts residence. [Id. at ¶¶7–8]. Defendant failed to file an answer or otherwise respond to the complaint within 21 days of service pursuant to Rule 12 and, on February 5, 2016, the Government filed a motion for entry of default [ECF No. 5], which the Court granted on February 9, 2016 [ECF No. 6]. On February 22, 2016, the Government filed a motion for entry of default judgment. [ECF No. 8]. The Court allowed two untimely requests by Defendant for extensions of time to respond to the motion for entry of default judgment. [ECF Nos. 14, 17]. On April 29, 2016, the Court held a hearing on the motion for entry of default judgment at which Defendant represented herself *pro se*. At the hearing, the Court strongly urged Defendant to retain counsel and emphasized that the Government is looking to impose a very substantial penalty of $2 million. [April 29, 2016 Hr'g Tr. at 11:14–22]. The Court told Defendant that if she plans to defend the lawsuit, she must get a lawyer or start defending it herself. [Id. at 9:15–10:1]. Defendant represented that she would hire a lawyer to defend the suit, and the Court provided guidance to Defendant about how to find a lawyer to represent her, and granted her an additional 30-day extension to retain an attorney and move to vacate the default judgment. [Id. at 11:14–12:10, 22:6–24:3]. The Court warned Defendant not to let any other deadlines go by without responding appropriately. [Id. at 23:15–19].

Defendant did not hire a lawyer to represent her and, on June 17, 2016, she filed a motion to vacate the default judgment *pro se* [ECF No. 29], which the Court granted on August 17, 2016 [ECF No. 43]. On October 13, 2016, Defendant moved to dismiss the complaint [ECF No. 49]; the Court denied the motion to dismiss on May 2, 2017 [ECF No. 59]. After Defendant failed to timely answer the complaint pursuant to Rule 12, on June 16, 2017, the Government filed a motion for an order requiring Defendant to answer. [ECF No. 60]. The Court granted the

Government's motion and ordered Defendant to file an answer to the complaint by close of business on July 10, 2017. [ECF No. 61]. On July 11, 2017, Defendant filed her answer. [ECF No. 62]. Two days later, Defendant filed an untimely request for an extension of time to file her answer, which the Court allowed. [ECF Nos. 63, 64].

On September 20, 2017, the Court held a scheduling conference with the parties. [ECF No. 75]. During the hearing, the Court told Defendant that it would set a discovery schedule that she must follow, emphasized that Defendant must herself be responsive to the Court's deadlines or hire counsel, and told her that the Court would not accept any further excuses for not adhering to the Court's deadlines from this point forward. [Sept. 20, 2017 H'rg Tr. at 6:20–7:7; 12:15–13:1; see also ECF No. 75]. The Court again strongly urged Defendant to hire an attorney to represent her, given the amount of money at issue in this case. [Id. at 12:19–25]. Following the hearing, on September 22, 2017, the Court issued a scheduling order requiring the parties to complete fact discovery by March 21, 2018. [ECF No. 77].

On the day of the scheduling conference, September 20, 2017, the Government personally served Defendant with requests for production, interrogatories, requests for admission, and a deposition notice scheduling Defendant's deposition for November 7, 2017. [ECF No. 80 at 2]. Defendant did not timely respond to any of the Government's discovery requests or seek an extension from the Court. On November 7 and November 13, 2017, the Government submitted letters to the Court notifying it that Defendant failed to respond to its requests for production, interrogatories, and requests for admission and served deficient initial disclosures pursuant to Rule 26. [ECF Nos. 80, 81, and 81-1]. On November 27, 2017, the Court ordered Defendant to supplement her initial disclosures and respond to the Government's

requests for production and interrogatories by December 11, 2017, and warned Defendant that a failure to provide adequate responses could result in the imposition of sanctions. [ECF No. 82].

In direct violation of the Court's November 27, 2017 order, Defendant failed to supplement her initial disclosures or respond to the Government's written discovery requests by the December 11, 2017 deadline. On December 22, 2017, the Government filed a motion to compel and to impose sanctions [ECF No. 83], which Defendant also did not respond to. On January 19, 2018, the Court granted the Government's motion to compel and ordered that, *inter alia*, Defendant must provide full, complete, and accurate answers to the Government's interrogatories and production requests by February 9, 2018, that no further extensions would be permitted, and imposed the sanction that Defendant waived all objections to the interrogatories and production requests other than those based on privilege. [ECF No. 84]. The Court expressly warned Defendant that the Court would consider additional strong sanctions against her if she failed to comply with the Court's January 19, 2018 order, which could include an order precluding Defendant from using responsive documents and from raising or otherwise eliciting testimony about the subject matters encompassed by the interrogatory responses at trial; accepting certain facts as established, including that Defendant acted "willfully" when she failed to file a Financial Bank Account Reports form ("FBAR"); entering a default judgment against Defendant for the penalty amount requested in the complaint, including fines and interest; striking her pleadings; or treating her refusal to comply as contempt of court. [Id. at ¶ 3].

Nonetheless, Defendant failed to comply with the Court's January 19, 2018 order and, as a result, on March 9, 2018, the Government file a motion for sanctions against Defendant. [ECF No. 86]. On March 12, 2018, in advance of a status conference before the Court, Defendant served the Government with revised initial disclosures and responses to the Government's

requests for production and interrogatories. [ECF 93 at 3]. In contravention of the Court's January 19, 2018 order, Defendant's amended initial disclosures failed to comply with the requirements of Rule 26, her written discovery responses were replete with non-privilege objections, and Defendant withheld documents and information based on these objections. [See ECF No. 93-2]. In total, Defendant produced just three single-page documents of dubious relevance,[1] although she identified 32 categories of responsive documents which were withheld based on non-privilege objections. [ECF No. 93-2 at 27–28, 35–37]. During the status conference, the Court admonished Defendant for her failure to comply with the Government's discovery requests and the Court's deadlines, reminded Defendant that she could not withhold documents based on non-privilege objections, and agreed not to rule on the Government's motion for sanctions until after Defendant's deposition in hopes that Defendant would respond to the status conference by providing additional discovery. [Mar. 12, 2018 H'rg Tr. at 3:14–18; 4:21–25; 7:6–11; 16:8–17].

On July 27, 2018, the Government filed a motion to compel testimony from Defendant [ECF No. 92] and the instant amended motion for sanctions for Defendant's repeated noncompliance with orders of this Court [ECF No. 93]. Specifically, the Government asks that the Court issue an order an order directing the following facts to be taken as established:

1. Defendant had legal control over, and the legal authority to direct the disposition of the funds in, the Account (and any sub-accounts), by investing the funds, withdrawing the funds, and/or transferring the funds to third-parties, between the date the Account was opened and at least December 31, 2008.

---

[1] Defendant produced: (i) a notice of electronic filing in this litigation; (ii) a copy of an envelope mailed to Defendant by the docket clerk in this litigation; and (iii) a copy of Defendant's college transcript. [ECF No. 93-2 at 35–37].

5

2. Should the United States establish that Defendant is liable for the penalty alleged in the complaint, for the purposes of calculating the amount of such penalty, the Account (and any sub-accounts) contained $4,347,407 as of the penalty-calculation date.

3. Defendant had a legal obligation to timely file an FBAR regarding the Account in each calendar year that the Account was open, including with regard to calendar year 2007.

4. Defendant willfully failed to file an FBAR regarding the Account with respect to calendar year 2007.

[ECF No. 93 at 22]. Defendant failed to timely respond to the motion to compel or the motion for sanctions. On August 27, 2018, the Court granted the Government's motion to compel [ECF No. 96] and ordered Defendant to show cause by September 10, 2018 as to why the sanctions that the Government requested in its amended motion should not be imposed [ECF No. 97]. On September 10, September 14, September 25, and October 12, 2018, Defendant filed responses to the Court's order to show cause and to the Government's motion for sanctions, none of which provided additional discovery or an adequate justification for not imposing sanctions. [ECF Nos. 99, 102, 106, 109]. On September 24, 2018, the Government filed a reply in support of its amended motion for sanctions. [ECF No. 105].

## II. DISCUSSION

Rule 37(b)(2)(A) sets forth the sanctions that a court may impose for a party's failure to obey a discovery order, including directing certain facts to be taken as established, prohibiting the disobedient party from supporting or opposing certain claims or defenses, rendering a default judgment, and finding a party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). Rule 37 also requires a court to order the disobedient party or its attorney to pay the reasonable expenses, including attorney's fees, caused by the failure to comply, unless the failure was substantially

justified or such an award would be unjust. Fed. R. Civ. P. 37(b)(2)(C). "A district court has wide discretion in choosing sanctions for discovery violations." Samaan v. St. Joseph Hosp., 670 F.3d 21, 36 (1st Cir. 2012); see also Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005) ("[A] federal district court's venerable power to sanction a party who repeatedly fails to comply with court-imposed deadlines cannot be doubted.") (citations omitted). "In determining the appropriate sanction, if any, a court should 'consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation.'" United States v. Pfizer, Inc., 188 F. Supp. 3d 122, 136–37 (D. Mass. 2016) (quoting Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003)), aff'd sub nom. United States ex rel. Booker v. Pfizer, Inc., 847 F.3d 52 (1st Cir. 2017).

The First Circuit has "set out a non-exhaustive list of factors for consideration when reviewing a Rule 37 motion for sanctions, some substantive and others procedural." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015). The substantive considerations include "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." Id. The procedural considerations include "whether the district court gave the offending party notice of the possibility of sanctions and the opportunity to explain its misconduct and argue against the imposition of such a penalty." Id. "[T]he goal of a sanction is both to penalize wrongful conduct and to deter future similar conduct by the particular party and others 'who might be tempted to such conduct in the absence of such a deterrent.'" Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012) (citation omitted).

7

Here, analysis of the substantive and procedural factors confirms that Defendant leaves the Court no choice but to deem as established the four facts identified supra at 5–6. Defendant's persistent violations of the Court's discovery orders are severe, repeated, and deliberate. When issuing the September 22, 2017 scheduling order—after Defendant had already demonstrated a pattern of dilatory conduct by evading service, submitting untimely requests for extensions of time, and filing an untimely answer—the Court warned Defendant that she must follow the Court's discovery schedule, and that any further excuses for missing deadlines would not be accepted. [Sept. 20, 2017 H'rg Tr. at 6:20–7:7; 12:15–13:1; ECF No. 75]. After her October 20, 2017 deadline for responding to the Government's written discovery requests lapsed, on November 27, 2017, the Court ordered Defendant to serve her discovery responses by December 11, 2017 or risk sanctions. [ECF No. 82]. Defendant flouted that order without seeking any extension, and on January 19, 2018, the Court: (i) entered sanctions against her prohibiting her from withholding documents or information based on non-privilege objections; (ii) ordered Defendant to serve her discovery responses by February 9, 2018; and (iii) expressly set forth the strong sanctions that Defendant would face if she failed to meet that deadline. [ECF No. 84]. Defendant, ignoring yet another order and deadline, did not serve her discovery responses until March 12, 2018, just nine days before the discovery cut-off date. [ECF No. 77; ECF No. 93 at 3]. Further, Defendant's discovery responses, themselves, were facially deficient. Her document production consisted of just three single-page documents, her responses to the Government's requests for production and interrogatories disregarded the Court's sanction precluding Defendant from withholding documents based on non-privilege objections, and her amended initial disclosures failed to comply with Rule 26. [ECF No. 93-2].

Defendant has offered no legitimate excuse for her serial failures to comply with the Court's discovery orders. In one of the letters that she submitted in response to the Court's order to show cause, she concedes that she failed to complete the discovery responses on time, but essentially contends that it took her 143 days after the deadline to review the necessary information and complete her responses. [ECF No. 99].[2] Recognizing that Defendant has litigated this case *pro se*, throughout the course of this litigation, the Court has been very accommodating to her, affording her numerous extensions, ample notice, and many opportunities to explain herself. The Court has also repeatedly urged Defendant to retain counsel and given her ample time to do so. "While the filings of *pro se* litigants should be liberally construed, . . . *pro se* litigants are not excused from compliance with procedural rules or substantive law." Faust v. Cabral, No. 1:12-cv-11020, 2015 WL 3953185, at *3 (D. Mass. May 15, 2015) (citing Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)). Here, Defendant has exhibited a pattern of stonewalling this litigation, including not meeting her discovery obligations despite numerous chances to do so, and then failing to provide any explanation for her non-compliance.

Defendant seeks to avoid sanctions on the ground that deeming her failure to file an FBAR in 2007 to be "willful" would be tantamount to entering a default judgment. [ECF No. 102 at 2]. The Court disagrees. The sanctions adopted herein are not the equivalent of a default judgment because they do not foreclose Defendant from arguing her affirmative defense that the

---

[2] Defendant spends the majority of her responses to the Court's order to show cause disputing that she evaded service of process [ECF No. 99 at 2], denying that she failed to confer with the Government as required by the Federal Rules of Civil Procedure [Id.], criticizing the Government's document production [Id. at 2–3], and addressing the merits of the Government's claim [ECF Nos. 102, 106, 109]. These issues, however, are irrelevant as to whether there is good cause for Defendant's failures to comply with this Court's discovery orders.

fine imposed by the Government violates the Excessive Fines Clause of the Eighth Amendment.[3]
See Chilcutt v. United States, 4 F.3d 1313, 1320 (5th Cir. 1993) (where district court allowed the defendant to present its case in chief on its affirmative defense issue, sanction deeming certain facts established "was a far cry from a default judgment"). Moreover, the Court has attempted warnings and lesser sanctions to no avail, leaving it with no other option, particularly recognizing the burden to the Government of having to continue to litigate discovery issues in a case that was filed more than three years ago. Before resorting to this sanction, the Court repeatedly admonished Defendant for her failure to meet deadlines, and cautioned Defendant in both written orders and open court that she must comply with the discovery schedule. These warnings seemingly had no effect on the conduct of Defendant. Defendant then ignored the milder sanctions imposed by the Court in its January 19, 2018 order by withholding documents and information from her discovery responses based on non-privileged objections. Under the totality of the circumstances, the Court finds that sanctions short of those ordered here have been and will continue to be inadequate and futile.

As set forth above, the Court sees no effective options other than to impose strong sanctions against Defendant. Less severe sanctions would be unfair to the Government and undermine this Court's efforts to manage efficiently its docket. Defendant's failure to provide timely, substantive information regarding the nature of her defenses and the facts of this case has prevented the Government from using that information at Defendant's deposition, and has frustrated the Government's ability to seek third party discovery and prepare its case for trial. In addition, "the court's independent interest in administering its docket . . . is strong, and the

---

[3] Defendant set forth her affirmative defense in her memorandum in support of her motion to dismiss. [ECF No. 50 at 3–4].

court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders." Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002). Thus, the Court determines that taking as established the four facts identified in the Government's motion for purposes of this litigation is warranted and appropriate under the standards of Rule 37.

Finally, "[a] plain reading of Rule 37 makes the award of reasonable expenses upon any violation of a discovery order, as a general matter, mandatory, not permissive." Ins. Recovery Grp., Inc. v. Connolly, 977 F. Supp. 2d 16, 26–27 (D. Mass. 2013) (citing Fed. R. Civ. P. 37(b)(2)(C) (supplying courts a menu of options from which to choose when fashioning an appropriate sanction for failure to comply with a discovery order, but providing that courts "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure")). Rule 37 "carves out two exceptions, however, granting a court the leeway to withhold sanctions: (1) where 'the failure was substantially justified' and (2) where 'other circumstances make an award of expenses unjust.'" Id. (quoting Fed. R. Civ. P. 37(b)(2)(C)). The Court finds that Defendant's failure to comply with this Court's discovery orders was not substantially justified, and that no circumstances exist which would make an award of expenses unjust. Accordingly, the Court is obligated to grant reasonable expenses under Rule 37(b)(2)(C), and awards to the Government the reasonable costs and attorney's fees incurred in making its motion for sanctions.

### III. CONCLUSION

For the reasons explained above, the Government's amended motion for sanctions is GRANTED and it is hereby ORDERED that the following facts are taken as established for purposes of this litigation:

1. Defendant had legal control over, and the legal authority to direct the disposition of the funds in, the Account (and any sub-accounts), by investing the funds, withdrawing the funds, and/or transferring the funds to third-parties, between the date the Account was opened and at least December 31, 2008.

2. Should the United States establish that Defendant is liable for the penalty alleged in the complaint, for the purposes of calculating the amount of such penalty, the Account (and any sub-accounts) contained $4,347,407 as of the penalty-calculation date.

3. Defendant had a legal obligation to timely file an FBAR regarding the Account in each calendar year that the Account was open, including with regard to calendar year 2007.

4. Defendant willfully failed to file an FBAR regarding the Account with respect to calendar year 2007.

The Government may file an itemized statement of costs and attorney's fees documenting the costs and fees that it incurred in preparing the amended motion for sanctions within 30 days of this order, should it wish to recover fees and costs.

**SO ORDERED.**

October 15, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE