UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-cv-13367-ADB |
| MONICA TOTH, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |

# ORDER

BURROUGHS, D.J.

On October 15, 2018, the Court issued an order granting the Government's amended motion for sanctions. [ECF No. 110]. The Court instructed the Government to file an itemized statement of attorney's fees and costs documenting the fees and costs that it incurred in preparing the amended motion for sanctions within 30 days of its order, should it wish to recover them pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). [Id. at 12]. On November 14, 2018, the Government filed a statement of fees and costs and requested a sum of $21,314.10 for the preparation of the motion for sanctions. [ECF Nos. 115 and 115-1]. For the reasons explained below, the Court awards the Government attorney's fees and costs in the amount of $2,529.21.

Federal Rule of Civil Procedure 37(b)(2)(C) only provides for the recovery of "reasonable expenses . . . caused by the failure" of a party to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(C). In addition, "[t]he party seeking fees and costs has the burden of showing that the expenses claimed are reasonable and traceable to the failures of the disobedient party." Momenta Pharm., Inc. v. Amphastar Pharm., Inc., No. 11-cv-11681-NMG, 2016 WL 2642997, at *3 (D. Mass. May 9, 2016). "A court can reduce the award requested to the extent that 'the

documentation of hours is inadequate.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Thus, the Government is entitled to attorney's fees and costs only to the extent that it shows that they are traceable to the Defendant's failure to obey the Court's discovery orders.

Here, the Government seeks to recover an incredible 115 hours purportedly attributed to the amended motion for sanctions. [ECF No. 115 at 2–3]. In lieu of itemized time entry records demonstrating time reasonably spent on the motion or otherwise attributable to Defendant's failures, the Government's submission contains a bare statement of the total amount of time that counsel spent on this case between March 27, 2018 and September 24, 2018, less the approximate time he devoted to preparing the joint status report filed on July 17, 2018 and the motion to compel filed on July 27, 2018. [Id.]. The Court finds that the Government's statement of fees is plainly insufficient to show that 115 hours of work performed are traceable to Defendant's failure to obey this Court's discovery orders. Further, if the Government had documented that it spent 115 hours working on the motion, the Court would not have found that devoting that number of hours was at all reasonable. In light of the inadequate documentation provided and the excessive number of hours claimed, the Court will reduce the fees sought by 90 percent to 11.5 hours, which the Court finds would have been a reasonable amount of time to spend researching and drafting the amended motion for sanctions and the reply in support thereof. The Court finds that the Government's hourly rate of $142.47 is reasonable under the circumstances, and thus awards it $1,638.41 in attorney's fees.

In addition, the Government seeks to recover the costs of deposition and hearing transcripts that it used in preparing its amended motion for sanctions and the travel expenses that counsel incurred in connection with the Government's September 5, 2018 deposition of Defendant. [ECF No. 115 at 1–2]. Rule 37(b)(2)(C) requires the Government to show that

expenses were "caused" by Defendant's failure to obey the Court's discovery orders. Fed. R. Civ. P. 37(b)(2)(C). The Court finds that the Government has not met its burden to show that its expenses for the March 21, 2018 and March 26, 2018 deposition transcripts or the September 20, 2017 and March 12, 2018 hearing transcripts were "caused" by Defendant's failures. The fact that the Government "used" these transcripts in its amended motion for sanctions is insufficient. With respect to the September 5, 2018 deposition, the Court finds that the discovery order that Defendant failed to obey was this Court's August 27, 2018 order requiring Defendant to comply with the requirements of Federal Rule of Civil Procedure 30 at an additional eight-hour deposition. [ECF No. 96]. Thus, the appropriate point from which costs and fees began to accrue is when Defendant failed to comply with Rule 30 during her deposition. Counsel would have traveled to and from Massachusetts to depose Defendant regardless of whether she failed to comply with the August 27, 2018 order, and these costs are not recoverable. Costs associated with making a record at the deposition are recoverable, however, and the Court awards the Government $890.80 in costs for the deposition transcript.

      Having considered the Government's statement of fees and costs, for the reasons stated herein, the Court awards it attorney's fees and costs in the amount of $2,529.21.

      **SO ORDERED.**

November 29, 2018                                            /s/ Allison D. Burroughs
                                                                             ALLISON D. BURROUGHS
                                                                             U.S. DISTRICT JUDGE