UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES,<br>    Plaintiff<br><br>v.<br><br>MONICA TOTH,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:15-CV-13367-ADB<br>)<br>)<br>)<br>) |

**DEFENDANT MONICA TOTH'S OPPOSITION TO PLAINTIFF'S MOTION
TO ALTER OR AMEND THE COURT'S JUDGMENT AND PROPOSED JUDGMENT**

Defendant, Monica Toth, hereby opposes *Plaintiff's Motion to Alter or Amend the Court's Judgment* and its *Proposed Judgment* (ECF 177; ECF 181-2). Plaintiff has requested the Court enter an amended judgment, reflecting the FBAR penalty of $2,173,703, plus additional late payment penalties, pre-judgment interest, and additional accrued post-judgment interest and penalties, and has presented the Court with an *Explanation of Payments and Accruals for use in Preparing Amended Final Judgment* (ECF 181). At issue is the calculation of statutory interest and penalties applied to the FBAR penalty of $2,173,703, in particular, at what point interest and penalties began accruing (hereinafter "the accrual start date") on this balance.[1] During the course of this litigation, Plaintiff has made contradictory representations as to the accrual start date—the difference among these dates amounts to tens of thousands of dollars.

---

[1] Defendant's arguments regarding Plaintiff's proposed amended judgment are made while reserving all rights to her appeal of the judgment in this matter.

1

**Plaintiff's Four Contradictory Representations as to the Accrual Start Date**

*First,* the *Complaint* alleges that the accrual start date was **July 17, 2015**. (ECF 1, ¶ 28). Plaintiff alleged that Defendant was "liable to the United States for the unpaid balance of the FBAR Penalty, as well as statutory additions and accruals, including a late-payment penalty pursuant to 31 U.S.C. § 3717(c)(2) and 31 C.F.R. § 5.5(a) and accrued interest, in the total amount of $2,173,703, **as of July 17, 2015, plus statutory additions and accruals from that date** until the liability is paid in full." (emphasis added). The *Complaint* demands "judgment in favor of the plaintiff United States of America and against defendant Monica Toth for the FBAR penalty, including statutory additions and accruals, for the 2007 income tax year, in the total amount of $2,173,703, **as of July 17, 2015, plus statutory accruals from that date** until fully paid." (ECF 1, at p. 4-5) (emphasis added).

*Second,* Plaintiff explained in its recently filed *Explanation* that "[i]n our efforts to get a current debt figure … we learned that the IRS had been using the assessment date of **September 19, 2013**[]" as the accrual start date. Thus, Plaintiff explained, the calculation contained in its original *Motion to Alter or Amend the Court's Judgment* (ECF 177), which was based on the September 13th date, was incorrect. (ECF 181, ¶ 9).

*Third,* earlier in the case, Plaintiff filed the Declaration of Nancy Beasley, the "FBAR Penalty Coordinator for the Internal Revenue Service," in connection with its *Motion for Default Judgment*. (ECF 8-1). The Declaration indicates an accrual start date of **January 31, 2014**. (ECF 8-1, ¶ 4).[2]

---

[2] Plaintiff filed two Declarations of Nancy Beasley. In the first Declaration, the accrual start date is January 31, 2014. ( ECF 8-1). In the second Declaration, the accrual start date is September 19, 2013. (ECF 166-2; ECF 181, ¶ 9).

*Finally,* Plaintiff now claims that **November 26, 2013**, is the accrual start date. This date is based on a document Plaintiff did not produce to Defendant during the litigation, a "3708 Letter."

Defendant has repeatedly raised the issue over the course of this litigation that Plaintiff withheld critical materials. (See e.g., ECF 147; ECF 157). In this context, Defendant has previously argued that Plaintiff has violated its ethical duties toward a *pro se* defendant, including making significant misrepresentations to this Court, while withholding the very documents that would have contradicted those misrepresentations. (See ECF 130, p. 8; ECF 147, p. 1; ECF 157, p. 2-3). This most recent disclosure of a document that Plaintiff claims is key to determining the calculation of the debt (the "3708 Letter"), following judgment in this case, adds more fuel to the fire.[3] The conflicting representations made by the government concerning the accrual start date throughout this case contradict the allegations in the *Complaint.* Plaintiff's most recent calculation is based on a document that was not disclosed to Defendant until November 23, 2020. That calculation amounts to hundreds of thousands of dollars more than a calculation of the debt based on what is alleged in the *Complaint*. The judgment sought by Plaintiff accordingly should not be accepted by this Court.

---

[3] The document provided by the government curiously contains the Bates stamp "USA-00049," "USA-00050," and "USA-00051." No other documents provided by Plaintiff to Defendant included a Bates stamp. Counsel for Defendant requested an explanation of the Bates stamp number and why no other documents provided by Plaintiff contained a Bates stamp. Counsel also requested to know the ending Bates stamp number. Consistent with Plaintiff's refusal to respond to a document request (See ECF 157 at 3), Plaintiff has refused to provide any further information. (See Ex. 1 to Declaration of Jennifer McKinnon).

Plaintiff should be held to the accrual start date the government alleged in the *Complaint*, **July 17, 2015**.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>MONICA TOTH<br>By Her Attorneys<br>/s/ Jennifer McKinnon<br>Jennifer McKinnon, BBO No. 657758<br>Jeffrey Wiesner, BBO No. 655814<br>Wiesner McKinnon LLP<br>90 Canal Street<br>Boston, MA 02114<br>Tel.: (617) 303-3940 |
| December 7, 2020 | Fax: (617) 507-7976<br>Email: jmckinnon@jwjmlaw.com<br>Email: jwiesner@jwjmlaw.com |