## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 15-cv-13367-ADB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONICA TOTH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**United States' Response to Toth's Filing at ECF 187 Regarding Interest Calculations**

Monica Toth's objections to the form of the proposed judgment are immaterial and untimely and she has made no substantive objections on the merits. Ms. Toth makes two points: that plaintiff's filings have inconsistently calculated an interest start date, and she speculates as to some sinister motive for the United States not including IRS Letter 3708 (providing notice and demand), filed as ECF 187-2, in its Rule 26 disclosures. But Ms. Toth has identified no reliance on or harm from the inconsistencies in the stated interest start date. Moreover, she has not been harmed by not receiving the Letter 3708 in discovery – and indeed the United States was not required to produce it, since in her answer to the complaint she admitted receiving notice and demand, thus obviating the need to include Letter 3708 in the disclosures. In any event, the IRS had mailed her the document in 2013–thus she should have already had a copy. As she otherwise does not dispute the accuracy of the accounting that the United States provided with its Explanation of Payments and Accruals for Use in Preparing Amended Final Judgment (ECF 181), her objection should be denied and the proposed judgment entered.

After reviewing Ms. Toth's filing at ECF 187, the United States acknowledges that its submissions have contained inconsistent interest start dates and penalty accrual dates, and apologizes for this inadvertent oversight.  As Ms. Toth notes, two places in the complaint have a start date in 2015; an early declaration from Nancy Beasley (ECF 8-1) in support of a default judgment submission has a start date in 2014[1]; and in filings with the motion for summary judgment, the declaration from Ms. Beasley (ECF 166-2) utilized a start date in 2013 (the correct year), but in the wrong month (September, the date of the assessment, and not November, the date interest and penalty accruals began) though it was not listed in the exhibit.[2]  Notably, the assessment date, September 19, 2013, was correctly identified in the complaint and this is the critical date.[3]  The assessment date was also correctly identified in the government's motion for summary judgment.   These oversights on the interest/penalty accrual and calculation went undiscovered until very recently at which point we acknowledged it and submitted an updated calculation.

Nonetheless, at this point, undersigned counsel is confident that the correct interest and penalty accrual start date was included in the most recently proposed amended judgment.  For this reason, regardless of the confusion over the start date and amount due calculation (which Ms. Toth never raised before this briefing over the proposed amended judgment) the Court

---

[1] Although the initial Beasley declaration (ECF No. 8-1) purports to identify an assessment date of Jan. 30, 2014 as the start date for the interest and late-payment penalty accruals, an informal review of the figures contained in it suggests that the computations were in fact made by using the actual assessment date of Sept. 19, 2013 as the start date for the interest and late-payment penalty accruals.

[2] In ECF 8, para 4, Ms. Beasley identified an incorrect assessment date.

[3] While notice and demand occurred about two months later, this delay inured to Ms. Toth's benefit as it reduced the amount of interest and penalties due.  This is because until notice and demand is made the United States is not entitled to begin the accrual of interest and penalties for an assessed FBAR penalty.

should enter the proposed amended judgment described in more detail below.  Ms. Toth has adduced no evidence that the current calculation of the interest or penalty accrual start date is incorrect.  Nor has she asserted reliance on a particular interest/penalty start date.  Ms. Toth never claimed that she took an action or refrained from undertaking an action based upon a particular interest/penalty start date.  And because, as set forth below, she admitted in her answer that she received the notice and demand for payment (which began the accrual of interest and penalties), she has no grounds to object.

Throughout this case Ms. Toth has alleged without evidence that undersigned counsel withheld documents during discovery.  The latest iteration is ECF 187 at 3-4, where Ms. Toth argues that IRS Letter #3708 was required to be included in the U.S.' initial disclosures because that document furnishes a portion of the United States' case in chief regarding notice and demand for payment.  This allegation is spurious.

The United States must prove notice and demand for payment as an element of its case. However, Ms. Toth made a judicial admission in her answer (and again in her amended answer) that notice and demand for payment was made upon her.  The United States was entitled to rely on her admission.  Paragraph 26 of the complaint alleges that Ms. Toth received notice and demand for payment.  See ECF 1 at para 26.  Toth admitted this allegation in an unqualified fashion in both her answer and amended answer.  See ECF 62 at para 1; ECF 65 at para 1. Discovery of judicially admitted matters is improper.  *See Banks v. Yokemick,* 214 F.Supp.2d 401, 405 (S.D.N.Y. 2002).  Rule 26 (a)(1)(A)(i) only requires identifying/producing documents that the party "*may* use to support its claims or defenses."  But given Toth's admission, Letter 3708 would not have been used for any purpose in the United States' case in chief.  See *Giannone v. United States Steel Corp.*, 238 F.2d 544, 577 (3d Cir. 1956) ("Judicial

admissions…. are admissions in pleadings… *which do not have to be proven in the same litigation*.") (Italics added.)

Nor can Ms. Toth argue that the contents of IRS Letter 3708 (specifically the identification of the date listed therein) was a separate component of the United States' case in chief, since Toth did not admit to an interest/penalty calculation, thus requiring the letter to be included in the Rule 26 disclosure.  Attached as Exhibit 1 is the main text of the United States' initial disclosures.  On page 2, "Nancy Beasley" is identified and the "subjects of the discoverable information she is likely to provide *relate to assessments and amounts currently due and owing from Ms. Toth*."  The interest start date, details of interest computations, dates of an assessment, and calculation of amount due, fall squarely within the Rule 26 disclosure, and Ms. Beasley ultimately submitted declarations within this briefing process on these exact matters.  This was a jury case, and given the inherent complexity of calculating interest and penalties, a jury would be overwhelmed if the United States tried to prove its case in this respect solely through documents.  Instead, it was decided early in this case to put Ms. Beasley on the stand to give live testimony to explain all of it.

Ms. Toth never sent a request for production of any documents during discovery, let alone a specific request for the IRS Letter at issue.  Nevertheless, the United States voluntarily produced documents to Ms. Toth after discovery ended, in response to her informal requests. See Exhibit 2; see Exhibit 3. This was not the only instance in which the undersigned attempted to resolve Toth's concerns.[4]

Ms. Toth has made payments to the Justice Department totaling $3,226,082.66 since the Court granted the government's motion for summary judgment—a payment of $3,138,097.48

---

[4] See Exhibit 4; Exhibit 5; Exhibit 6.

made on Oct. 28, 2020, and a payment of $87,985.18 that the government will deem to have

been paid on Nov. 19, 2020.  With these payments, the government agrees that the debt

represented by this action, as calculated pursuant to the Explanation of Payments and Accruals

for Use in Preparing Amended Final Judgment the government has submitted (ECF No. 181) has

been paid in full.  The government thus requests that the Court enter as an amended judgment the

proposed amended judgment the government is attaching to this response as Exhibit 7, which

reflects both of the payments that Toth has made since September 2020, and says that the debt

sought in the complaint has been paid.

RICHARD ZUCKERMAN

Principal Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

*/s/Andrew A. De Mello*
ANDREW A. DE MELLO
Trial Attorney, Tax Division
U.S. Department of Justice
Box 55, Washington, D.C.  20044
Telephone: (202) 307-1372