IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 15-cv-13367-ADB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MONICA TOTH, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**United States' Opposition to Ms. Toth's Motion to Vacate Judgment**

Ms. Toth filed a motion (ECF 191) under Rule 60(b)(3) to vacate the judgment (ECF 176) and to obtain an evidentiary hearing in order to take discovery from the United States (or obtain a production order for all the United States' files). Ms. Toth has not carried her burden to show entitlement to any relief—neither to vacate the judgment nor for an evidentiary hearing or a production of documents. Indeed, it is not clear what purpose the evidentiary hearing or production order would serve, or even what evidence Ms. Toth hopes to obtain that would allow her to win the case or even have a realistic chance to do so. Ms. Toth's motion should be denied.

**I.  Background and Introduction.**

After this Court entered judgment on September 16, 2020 (ECF 176), the United States moved to alter or amend the judgment to provide for entry of a money judgment. (ECF 177). That motion remains pending. At the time the Government brought the motion to alter or amend, Ms. Toth indicated she wanted to pay the judgment to stop interest and late-payment penalties from continuing to accrue during her anticipated appeal, but sought from the Government an accounting of the current amount due, taking into consideration prior payments she had made.

1

As part of the process through which the Government provided this accounting, Ms. Toth's counsel informally requested, by email dated November 23, 2020, the IRS Letter 3708, "Notice for Demand and Payment of FBAR Penalty," (ECF 187-2) a document the IRS had mailed to Ms. Toth on November 26, 2013.  Counsel for the United States provided that document promptly.  In October and November 2020, Ms. Toth made two payments to the Justice Department that fully paid the debt that is the subject of this action.

Ms. Toth then filed an opposition (ECF 187) arguing that IRS Letter 3708 should have been produced in the United States' initial disclosures, and made an extensive issue of this during conferrals.  The United States' response (ECF 190) explained why IRS Letter 3708 was not included in the United States' initial disclosures: because in her answer Ms. Toth made judicial admissions concerning the IRS's giving notice of the assessment and demanding payment, Letter 3708 was not relevant.  Ms. Toth never sought to file a response to ECF 190.  Further, Ms. Toth's vacatur motion fails even to mention, much less dispute, the United States' explanation made just weeks ago.

The gravamen of Ms. Toth's position can be ascertained from her motion (ECF 191 at 2):

> This Court relied on Plaintiff's representations in its decision sanctioning Defendant that Plaintiff was prejudiced by Defendant's failure to produce materials. See e.g., ECF 93 at 19 ("Ms. Toth's conduct and her refusal to make discovery as ordered has effectively prevented the United States from conducting third-party discovery, or even continuing with the discovery needed from Ms. Toth."). The evidence of the previously unproduced cache of documents places those representations into doubt.

Thus, Ms. Toth is trying to argue that the United States was not really "prejudiced by Defendant's failure to" comply with discovery and this Court's orders—because, she asserts, there is "evidence of [a] previously unproduced cache of documents"—and she now seeks the

2

Court's permission to begin a fishing expedition to see what supporting evidence might be gleaned for this theory.

Ms. Toth's motion is factually and legally deficient as she fails to adduce any evidence of a "previously unproduced cache of documents" or point to any obligation for the United States to have produced more documents during discovery than the nearly 1500 pages of documents that her motion acknowledges the United States produced as its initial disclosures and as attachments to requests for admission. Yet the prerequisite to Rule 60(b)(3) and its caselaw requires that the litigant was obligated by the rules or by a court order to produce a document and did not. Ms. Toth's failure to explain any legally cognizable obligation to disclose additional documents during discovery is a fatal defect to her motion. Indeed, her motion does not even clear the base threshold and, as set forth below, does not meet others. For example, she does not show how there would have been a material difference if IRS Letter 3708 had been disclosed, and she also fails to explain how the absence of IRS Letter 3708 prevented her from preparing her case.

Nonetheless, Ms. Toth misuses Rule 60(b)(3) as a vehicle to try to obtain an evidentiary hearing or a document production so that she can conduct an extended period of discovery *after the entry of judgment*. This extraordinary request is being made even though Ms. Toth, despite having an extended period of time to conduct discovery, did not propound a single document request during the discovery period, and even though her attorneys, who have now represented her for about two years in this matter, failed to move to reopen discovery or to file a Rule 56(d) affidavit when the United States filed its motion for summary judgment (ECF 164). Ms. Toth cannot use a Rule 60(b)(3) motion—without even showing any misconduct—to cure this complete failure to take discovery or to file a Rule 56 affidavit. A litigant does not get to simply redo a case that did not turn out the way she hoped.

Not only has Ms. Toth failed to establish any misconduct, but she also bases her unsupported conclusion that there must be a previously unproduced cache of documents that the United States failed to produce solely on the presence of a bates stamp on the IRS Letter 3708 that was recently produced to her. In reality, as set forth below, the computer software the Tax Division uses for discovery can be configured to imprint a bates stamp on the document when it is physically printed or generated into a PDF file.  As set forth below, because the produced initial disclosures were not bates stamped, undersigned counsel made all subsequent voluntary productions in a consistent manner and did not configure the software's printing process to imprint a visible bates stamp on documents provided to Ms. Toth's counsel.  Ms. Toth's "cache" theory is wrong.

**II.     Legal Standard**

Rule 60(b)(3) sets a high bar for a judgment to be set aside.  At the outset, there is support for the finality of a judgment and the need to follow the appellate process when the outcome is not to one's liking.  "Rule 60(b) is extraordinary in nature and ... motions invoking that rule should be granted sparingly." *Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co.*, 750 F.3d 1, 3 (1st Cir. 2014) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).  A party who seeks relief under the rule must establish, at the very least, "that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense."  *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir. 2002).

The First Circuit requires the movant who is alleging discovery misconduct to tie the alleged misconduct to the harm the movant suffered: "just showing that discovery misconduct has occurred is not enough to merit a new trial. The moving party must still demonstrate that such "discovery misconduct ... *substantially* ... interfered with the aggrieved party's ability fully

and fairly to prepare for and proceed at trial." *West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 67 (1st Cir. 2015) (quoting *Anderson,* 862 F.2d at 924) (emphasis added). The movant must explain how and why she was not able to put on her case due to the alleged misconduct. "When a party is capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)." *Karak*, 288 F.3d at 21-22.

Moreover, to prevail on a Rule 60(b)(3) motion, the movant must prove this alleged misconduct by clear and convincing evidence. *Giroux v. Fed. Nat. Mortg. Ass'n*, 810 F.3d 103, 108 (1st Cir. 2016) (internal citations omitted). Courts often cite to Black's Law Dictionary for the proposition that clear and convincing evidence is "[e]vidence indicating that the thing to be proved is highly probable or reasonably certain." *See, e.g., United States v. Graham*, 683 F. Supp. 2d 129, 140 (D. Mass. 2010) (internal citations omitted). This showing requires detailed evidence.

First Circuit caselaw also has burden-shifting provisions upon the filing of a Rule 60(b)(3) motion – but the movant must first *show that some misconduct occurred*. See *Anderson v. Cryovac, Inc.*, 862 F.2d 910 (1st Cir. 1988).

In sum, to prevail on a 60(b)(3) motion the caselaw requires that the movant must prove by clear and convincing evidence that misconduct occurred and identify its substantial impact, and then tie that misconduct to a potential route to change the outcome of the case, if remedied— all before obtaining entitlement to the relief. Toth has made no such showing by any standard, and certainly not by clear and convincing evidence.

> **III.     Toth ignores the previously briefed explanation as to why IRS Letter 3708 was not produced, and her motion does not even mention that the United States already addressed this issue in a recent filing.**

5

In her motion to vacate, Ms. Toth repeats a previously made allegation of misconduct—the United States' failure to produce IRS Letter 3708 as part of initial disclosures—that the United States has already rebutted, in motion papers filed less than a month ago. Notably absent from Ms. Toth's motion to vacate is any mention that she had already made this argument during briefing on the prior motion (ECF 187) and that the United States had rebutted that argument in a passage spanning more than a full page (ECF 190). Nor does she address in any way the arguments the United States made in that prior filing. The United States' response, slightly expanded, is reproduced below.

Ms. Toth argues that IRS Letter 3708 was required to be included in the United States' initial disclosures because that document furnishes a portion of the United States' case in chief regarding notice and demand for payment.

It is true that the United States must prove that the IRS gave notice and demand for payment as an element of its case in chief. However, the United States pleaded in its complaint that the notice and demand were made (see ECF 1 at para 26), and Ms. Toth made a judicial admission in her answer (and again in her amended answer) that notice and demand for payment was made upon her. See ECF 62 at para 1; ECF 65 at para 1.

Since Ms. Toth admitted this fact and never sought relief from the admission, the United States was entitled to rely on it and was not required to put on evidence regarding this issue. "'A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of a proceeding.'" *In re Gourdin*, 431 B.R. 885, 892 (B.A.P. 1st Cir. 2010) (quoting *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.,* 757 F.2d 523, 528 (2d Cir.1985)). *See also Keller v. United States,* 58 F.3d 1194, 1199 n. 8 (7th Cir.1995) (judicial admissions are "formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them"). The purpose and effect of making a judicial admission is to "obviate the

6

need for debate, discussion or discovery regarding particular factual issues because the parties make concessions or stipulations regarding those issues that remove them from dispute." *Banks v. Yokemick*, 214 F. Supp. 2d 401, 405 (S.D.N.Y. 2002).  See also *Amtrust North Am., Inc. v. Safebuilt Ins. Servs., Inc.*, 2016 WL 6561548 at * 3 (S.D.N.Y. 2016) ("Such factual issues no longer require discovery or debate[…]").  Moreover, this promotes judicial economy: "The binding nature of judicial admissions conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact." *Armour v. Knowles*, 512 F.3d 147, 154 (5th Cir. 2007).

Rule 26(b)(1) limits discovery to only those matters that are relevant in a case.  See Rule 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense").  The judicial admission in Toth's answer withdrew the issue of notice and demand–and this document at issue–from being relevant to any party's claim or defense.[1]  Accordingly there was no need for the United States to produce documents as part of its initial disclosures on this issue as it was not discoverable upon Toth's admission.  This interpretation is supported by Rule 26(a). Rule 26 (a)(1)(A)(i) only requires identifying or producing documents that the party "*may* use to support its claims or defenses."  But given Toth's admission, Letter 3708 would not have been used for any purpose in the United States' case in chief.  See *Giannone v. United States Steel Corp.*, 238 F.2d 544, 577 (3d Cir. 1956) ("Judicial admissions…. are admissions in pleadings… *which do not have to be proven in the*

---

[1]   Arguably, because the pleadings did not identify the precise date that the notice and demand letter had been sent, notwithstanding the judicial admission Ms. Toth could have sought in discovery the demand letter so as to determine exactly when it was sent.  This she never did; it was only after the Government provided to Ms. Toth's attorney an accounting that reflected the date the Letter 3708 was sent that her attorneys requested a copy of it.  The Government's attorney promptly provided a copy of it to her upon her counsel's request.

*same litigation.*") (Italics added.) *See Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., Inc.,* 976 F.2d 58, 61 (1st Cir.1992).

Toth may respond by arguing that the contents of IRS Letter 3708 (specifically the identification of the date listed therein) was a separate component of the United States' case in chief, since Toth did not admit to an interest/penalty calculation, thus requiring the letter to be included in the Rule 26 disclosure.  This argument also fails.  Attached as Exhibit 1 to ECF 190 is the main text of the United States' initial disclosures.  On page 2, "Nancy Beasley" is identified and the "subjects of the discoverable information she is likely to provide *relate to assessments and amounts currently due and owing from Ms. Toth*."  The interest start date, details of interest computations, dates of an assessment, and calculation of amount due, fall squarely within the Rule 26 disclosure, and Ms. Beasley ultimately submitted declarations on these exact matters.  This was a jury case, and given the inherent complexity of calculating interest and penalties, a jury would be overwhelmed if the United States tried to prove its calculations solely through documents.  Instead, it was decided early in this case to put Ms. Beasley on the stand to give live testimony to explain all of it.

For the foregoing reasons, there was no obligation for the United States to produce this document as part of its initial disclosures.  Further, Ms. Toth never served a Rule 34 production request during discovery and never filed a motion to compel; nor did her attorneys seek to reopen discovery.  Thus, Toth's motion fails at this low, first threshold and the Court can deny it on this basis alone.  In an interest in thoroughness, the United States rebuts Toth's other arguments.

**IV.     Bates Stamp on Letter 3708**

Ms. Toth argues that the appearance of a bates number on the letter proves there is a "previously unproduced cache of documents" hidden by the Government and that she is entitled to every one of the Department of Justice's litigation files or an evidentiary hearing to go over it.

The latter argument will be addressed in subsequent sections. But there is no secret cache of files and Toth is not entitled to any additional documents.

Early in the case when undersigned counsel was the only attorney assigned, the documents attached to the Government's initial disclosures provided to Ms. Toth did not bear a visibly endorsed bates number. For consistency, when providing documents since that time undersigned counsel did not endorse the bates stamp on any document. However, undersigned counsel was away from this case for an extended period in the last 18 months and other attorneys were assigned during that time. Recently, one of those attorneys voluntarily provided IRS Letter 3708 to Ms. Toth after her counsel specifically requested it. The produced document was generated after co-counsel configured the software program to endorse a bates number on the page during printing. To say—as Ms. Toth argues in her brief—that the existence of this bates-stamped document shows misconduct or fraud, or proves the existence of a "previously unproduced cache of documents," is entirely unsupported by the evidence.

**V.      Toth has pointed to no obligation that required the United States to provide this document.**

Ms. Toth never served a production request during discovery and never moved to be relieved of her answer's judicial admissions. The document was provided to Ms. Toth after the judgment was entered because Ms. Toth sought an accounting in conjunction with the Government's motion to alter or amend, and in the process of reviewing the accounting the Government provided her attorneys specifically requested this particular document.

Discovery closed literally years earlier. Toth had more than an ample opportunity to take discovery if she wished to do so. Neither Toth nor her attorneys who subsequently appeared ever filed a motion to reopen discovery, despite years in which to file such a motion. Toth never argued during the summary judgment briefing that she needed more discovery to oppose the

9

United States' motion (especially since it was generally making arguments of pure law). Even when represented by counsel, she did not file a Rule 56(d) motion/declaration, specifying that she needed additional discovery or identifying what discovery she needs. Nor is this a case where the United States played games with its initial disclosures to Ms. Toth–the United States provided Toth with almost 1500 pages of documents in its initial disclosures and as attachments to the requests for admission it simultaneously served. Toth does not dispute having received these documents.

Toth has pointed to no authority, precedent, or rule that would require or otherwise permit her to freely examine all the United States' files. The nature and contents of the United States' files, including their sequence, organization, and size, are generally protected by work product privilege.

The entire premise of Toth's motion is flawed because it misreads the cited cases. For example, Toth cites *West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 67 (1st Cir. 2015) and buries the analysis in a long footnote that spans two pages. In that case, after prevailing at trial, it came out that additional documents and/or theories were not disclosed to the other party in discovery. While the trial court did not reopen the case, the circuit court did. But in *West*, unlike here, it was proven by clear and convincing evidence that (1) a discovery request for the documents and information was served during discovery; (2) direct on-point evidence was not produced in response; (3) the discovery request had required that the sought-after information be provided; and (4) the requested information would have made a material difference in the outcome of the case, or at least could have provided the movant with a path to prevail. In this case, Ms. Toth never served a discovery request and never moved to compel or to reopen discovery, and thus *West* does not help for any purpose.

Ms. Toth's counsel seek to circumvent all of this by pointing to a document production request they served on August 20, 2019, about 18 months after discovery ended and about 9 months after they appeared in the case. It was also served during extensive reply/sur-reply briefing on the motion to vacate and Toth cited it in her motion papers and made arguments about it. Thus, by making these arguments again at this time, Ms. Toth wants to re-litigate what the Court already decided (without mentioning in ECF 188 that they already raised it in the briefing process 18 months earlier). The four page long, single-spaced, request for production sought 8 categories of documents including "Any and all documents and communications relating to or concerning Monica Toth from 1999-present" and other parts of the request require a privilege log for any privileged documents. Thus, every internal DOJ e-mail from one attorney to another attorney helping on this case would need to be logged. This is the type of overbroad discovery request–even if it had been served during discovery–that the rules and caselaw reject outright as it is facially overbroad and unreasonable. Yet, Toth never filed a motion to compel or a motion to reopen discovery, even after undersigned counsel sent a letter to them attached as Exhibit 1,that explained that the request was untimely and objectionable on its face[2]. Toth's production request is attached as Exhibit 2.

Toth further misunderstands *West* and the requirements of Rule 26(a). Again, in footnote 1 of Toth's brief, Toth argues that the United States' initial disclosures had to be supplemented, presumably with Letter 3708. However, this completely ignores the judicial admissions Toth made in her answer and her failure to be relieved of them, obviating the inclusion of Letter 3708 and rendering it not discoverable.

---

[2] Further, undersigned counsel offered to voluntarily produce a reasonable number of documents if Ms. Toth identified them with specificity and there was a reasonable need for them.

Moreover, Ms. Toth seems to either misunderstand the facts of the case or was not clear in briefing the motion. On page 9, Toth writes, "First, Defendant has shown that Plaintiff has withheld materials that contradict the contentions it made to this Court." This does not appear to be an accurate characterization of the current state of affairs. There are countless other instances where Ms. Toth has taken a very aggressive and selective view of what transpired and what the evidence shows. It would take a separate 20 page brief to identify, contextualize, and correct all of them. An inference can be drawn by so many allegations that are not adequate supported, lack proper context, or are rehashing prior arguments and evidence that was made in footnotes or in a passing mention, that one of the purposes of this motion is to *manufacture a basis for an appeal* since the underlying arguments were not adequately preserved for appeal because of the way Ms. Toth's counsel originally presented them.

Another example of how the latest motion mischaracterizes what transpired is the way that Ms. Toth's attorneys repeat factually inaccurate information and claims of Government misconduct that has already been refuted by earlier filings, without even mentioning that rejection. The memorandum in support, at 8, claims at length that the undersigned counsel was suppressing copies of FBARs. It also argues that "These documents were central to Defendant's defense […], *but Plaintiff had been withholding them throughout the litigation*." Italics added. This is demonstrably false and Ms. Toth's lawyers know this, because the United States filed a brief (ECF 151) that explained how three of these had actually been produced to Ms. Toth as part of the initial disclosures. A copy of the documents at issue were appended to the filing, along with a declaration.

Ms. Toth has not put forth any admissible evidence that would clearly establish that she is not liable for the penalty at issue. She never put forward any admissible evidence that could overcome (1) the way that she routed transfers through her relatives' accounts to avoid the

12

SWIFT form's reporting requirements; (2) Bankers' notes from a telephone call between UBS and her, on October 4, 2000, that read in pertinent part, "*She has known for quite some time that she has to sell the U.S. securities because of the IRS form*, since she is a U.S. citizen"; (3) issues regarding the W-9, such as another banker's note reading "I have not yet alerted her to the problems regarding IRS 2001. Will point this out to her during our next contact," and other related arguments about the qualified intermediary agreement with UBS. She also failed to provide a plausible explanation for (1) the way her tax return did not report the account or check the box on the Schedule B; (2) the timing of her conduct after receiving a letter from UBS informing her that her records were being turned over to the U.S. Government and the nature of her response, complaining about how the privacy laws of Switzerland were the primary reason the account was held there. This could go on and on, and notably Toth's response to these facts in briefs is filled with non-admissible and self-serving hearsay and allegations of Government misconduct and still more efforts to re-litigate various issues that she lost and to put the Government on trial.

Ms. Toth was required to prove by clear and convincing evidence that fraud, misconduct, or a misstatement occurred. She has not done so by any evidentiary standard, much less by the heightened requirements of clear and convincing evidence, and cannot do so for the foregoing reasons. And because she cannot even establish how she would have prevailed or had a path to do so, or how she was substantially impaired during the litigation by this document's absence, her request for relief is foreclosed by the remaining portions of Rule 60(b)(3)'s caselaw, as set forth below.

> **VI.** **Toth has not identified any harm from not having this document, explained how she would have prevailed if she had been provided it, and lacks the "right stuff" to be entitled to vacate the judgment.**

Caselaw imposes a heightened burden to prevail on a motion to vacate. "When a party is capable of fully and fairly preparing and presenting his case notwithstanding the adverse party's arguable misconduct, the trial court is free to deny relief under Rule 60(b)(3)." *Karak*, 288 F.3d at 21-22. Toth also failed to make the required showing because "just showing that discovery misconduct has occurred is not enough to merit a new trial. The moving party must still demonstrate that such "discovery misconduct ... *substantially* ... interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 67 (1st Cir. 2015) quoting *Anderson,* 862 F.2d at 924 (emphasis added). Toth has failed to establish any of the required elements of a successful Rule 60(b)(3) motion.

First, Toth admits in her answer that she received notice and demand and since this document at issue constitutes notice and demand, it logically follows that she admits having received it previously, at or around the time that it was originally mailed to her. It was addressed to her and transmitted to her by US Mail. She failed to explain how the production of this document in this case—even if it were required—would have altered or improved her litigation position. She failed to identify how it would "aid in the movants ability to form a plausible theory to their case." *Karak v. Bursaw Oil Corp.*, 288 F.3d 15. For the same reason, she has not been able to explain in any way how the absence of this document prevented her from "fully and fairly preparing and presenting his case." *Karak*, 288 F.3d at 21-22. And she certainly has not shown how the absence of this document would have "substantially" impaired her ability to litigate the matter. *West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 67 (1st Cir. 2015) quoting *Anderson,* 862 F.2d at 924. In short, she failed to meet any of her burden to prevail.

The factual portions of this case were decided by virtue of the Court's sanction at ECF 110 (which relied upon admissions Toth made in her deposition). The only matters to be decided

14

in the Rule 56 motion practice (that rendered a final judgment as a matter of law) were arguments of pure law:

> As an initial matter, the Court notes that *in light of its Order on sanctions, which found the elements necessary to prove the Government's claim against Defendant*, there is no dispute of material fact. See [ECF No. 110]. Although Defendant disputes aspects of the Government's statement of facts, [ECF No. 158], in light of the Court's previous Order *these disputes are not material* and therefore do not preclude the entry of summary judgment.

Opinion, ECF 165, at 6.

The Court accordingly reasoned that "The only remaining issue for the Court to resolve is whether the penalty assessed is appropriate and consistent with the law." ECF 165 at 6. These arguments concerned, for example, whether the Eighth Amendment protected Ms. Toth from a penalty of that size, and whether the regulation at issue was valid. IRS Letter 3708 (and any other document in the Government's possession) was not relevant to any of these issues.

Thus, the presence or absence of this document had no bearing whatsoever on the Court's reasoning and decision. Ms. Toth has failed to explain how this document would have caused a dispute of material fact that would have prevented judgment from being entered against her or how she would have had a reasonable chance of establishing a material fact dispute or even how she would have had a realistic way to prevail at the end of the day. It is well established that "[a] court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through such discovery." *Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir. 1984) (citations omitted). Moreover, no documents or facts would alter the reasoning of the Court's opinion entering judgment because the entry of judgment was based on matters of pure law. For these reasons, Ms. Toth has failed to carry her burden in any respect.

As noted above, the Court relied on facts embraced by the discovery sanction to render judgment. Four of those five facts entered regarding the discovery sanction arose from admissions Toth made during her deposition and during the briefing process. The fifth fact—willfulness in failing to file an FBAR for calendar year 2007—*has no bearing on the document at issue, which the IRS mailed to Toth in 2013, more than five years later, and constituted notice and demand for payment of the penalty*. Thus, this document is not relevant to the discovery sanctions, either.

For all of these reasons, not only was there no misconduct, there has also been no harm to Toth by not having this document be produced to her, even without a production request. By no standard, much less clear and convincing evidence, has Toth demonstrated the elements required to obtain Rule 60 relief.

**VII.     Toth has failed to establish any need or entitlement to an evidentiary hearing or production order and likewise failed to show any nexus between her requested relief and any harm.**

The purpose of an evidentiary hearing is for the Court to receive evidence in order to resolve a disputed material fact. Toth failed to establish that there was a disputed material fact and also failed to explain what evidence she planned to adduce or could otherwise be obtained. Nothing Toth has shown entitles her to cross examination. These failures show that she lacks any entitlement to obtain an evidentiary hearing. Likewise, she failed to explain any entitlement to a full copy of the litigation files and extensive privilege logs, or even what Ms. Toth hopes to find there.

Further, Toth failed to identify what evidence she hopes to obtain at the hearing, what the evidence would show, what evidence she plans to obtain from elsewhere through compulsory process provided for by the hearing, or the nexus between the evidence to be adduced at the hearing and the existence of any disputed material fact, including which disputed material fact

could change the outcome of the case. While Toth is not required to explain every aspect of her strategy, she must provide a summary to identify the substantive purpose of the requested hearing, and what the evidence will show, and how it is both relevant and meets the rule 60 burden.  Because the matters identified in Toth's motion in no way fulfill any of these things there is no legitimate basis for a hearing.  The same applies to her demand for all the litigation files and privilege log.

Likewise, an index of the Government's files would serve no legitimate purpose, and Toth has failed to explain the nexus between this relief and the entry of judgment against her. Even if she were entitled to have an index, there are multiple copies of many documents in the system and thus the ranges of the bates numbers of documents would be useless for the purposes she seems to suggest are at issue.

The law has a term for what Toth seeks through an evidentiary hearing and an index and copy of the United States' litigation files: a fishing expedition.  "Discovery is not a 'fishing expedition'; parties must disclose some relevant factual basis for their claim before requested discovery will be allowed." *Hoffman v. Reali*, 973 F.2d 980, 987 (1st Cir. 1992) (quoting *Milazzo v. Sentry Ins.,* 856 F.2d 321, 322 (1st Cir. 1988)).

Toth cannot identify what she seeks, what she plans to do with the information, or how it will help her win the case.  This is a textbook definition of a fishing definition and it should be rejected by the Court.  See *Crosby v. La. Health Service and Indem. Co*., 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'").  *See also EEOC v. George Washington Univ.,* 2020 WL 3489478 at * 4 (D.D.C. 2020) ("'[T]he relevance standard of Rule 26 […] will not allow parties to 'explore a matter which does not presently appear germane on the theory that it might conceivably become so." See also *Russell v. NEBO School District,* 2016 WL 7391983 at * 2

(D. Utah 2016) ("Although the scope of discovery is broad, parties are not allowed to engage in exploratory discovery of a fishing expedition in an attempt to obtain evidence to support their claims or defenses.") (citations omitted).  Ms. Toth had ample opportunity to take discovery but chose not to do so.  The plain goal of this request is to have a do-over.

Because Toth never requested (and does not request in her motion) any third party discovery, she has no realistic possibility of adducing evidence that would change the outcome of the case or demonstrating a potential path to prevailing.  Since her counsel appeared, she has repeatedly sought information from the one source that is not likely to yield evidence that will help her win the case: the Government's files, which obviously represented the fruits of the IRS investigation of her conduct and were created years after the 2007 calendar year at issue.  Undersigned counsel spent a great deal of effort in discovery trying to identify potential third parties who might have personal knowledge or relevant records.  The focus of any inquiry into what occurred in 2007 is and should be on information known to and held by contemporaneous sources.  But Toth's requested relief does not even touch on these commonsense issues.  But Ms. Toth made countless strategic choices in this case, both before and after retaining counsel, and her calculated litigation strategies and plans have consequences.  Even after retaining counsel, for example, Ms. Toth did not move to reopen discovery and did not produce all the required UBS bank records for over six months.  Rule 60's requirements are specific and do not provide for a right to a hearing after failing to meet her burden in such a comprehensive fashion.

### VIII.   Conclusion

Ms. Toth has failed to show entitlement to relief under Rule 60(b)(3).  She failed to even come close to carrying her burden of "clear and convincing evidence" to establish misconduct.  She failed to even identify where and how the misconduct occurred.  She failed to show any reason why IRS Letter 3708 was required to be produced in discovery.

The basis for filing a motion for entry of an amended judgment was to add appropriate language and correct the amount due.  Ms. Toth has not articulated any objection to the proposed language at issue nor has she disputed the mathematical calculations establishing the amount of the judgment.  Moreover, she has satisfied the judgment in full.  IRS Letter 3708 only bears upon the start date for the calculation of interest (as Toth already admitted receiving notice and demand).  Since Ms. Toth is not objecting to the interest calculation, this document–and whether it was produced during discovery–has no bearing on the entry of the proposed judgment.

The United States corrected the errors in calculating the amount due and Ms. Toth has the necessary information to verify the calculations.   The changes from these recalculations benefit Ms. Toth as she has a substantial amount of money on a multimillion dollar penalty (September 19, 2013, when the assessment was made as opposed to the November 26, 2013, when notice was mailed).  See ECF 181-1 showing the calculations at issue).

The Court should summarily deny Ms. Toth's motion and enter the proposed amended judgment.

        RICHARD ZUCKERMAN
        Principal Deputy Assistant Attorney General
        U.S. Department of Justice, Tax Division

        */s/Andrew A. De Mello*
        ANDREW A. DE MELLO
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Box 55, Washington, D.C.  20044
        Telephone: (202) 307-1372

**Certificate of Service**

I hereby certify that the foregoing was filed with the clerk of the court using the CM/ECF system, and notification of the filing was sent to registered users. No conventional mailing was needed.

*/s/Andrew A. De Mello*
Trial Attorney, Tax Division
Department of Justice